UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
PHILIP WANDER,

               Plaintiffs,

      -against-

NATIONAL SPINNING CO., INC.,

               Defendant.
------------------------------------------------------------- x

Civ. Action No.

**NOTICE OF REMOVAL**

      PLEASE TAKE NOTICE that defendant National Spinning Co., Inc. ("National Spinning" or "Defendant"), by and through its attorneys, McDermott Will & Emery LLP, removes the civil action now pending in the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. §1441, on the following grounds:

      1.    On or about August 31, 2005, National Spinning was served with a summons and complaint in the case of <u>Philip Wander v. National Spinning Co., Inc.</u>, pending in The Supreme Court of the State of New York, County of New York and naming it as the defendant.

      2.    The claims against National Spinning in this action seek benefits that are governed by the Employee Retirement Income Security Act ("ERISA") 29 U.S.C. §§ 1001 <u>et seq</u>. More specifically, Wander seeks benefits under an employee benefit plan sponsored by National Spinning, which benefit plan (the "Death Benefit Plan") is an ERISA Employee Benefit Plan.

      3.    This Court has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1331 in that this civil action arises under the laws of the United States, <i>i.e.</i>, ERISA, 29 U.S.C. §§ 1001 <u>et seq</u>. This action relates to a claim for benefits under an ERISA Employee Benefit Plan and seeks an interpretation of the provisions of that ERISA Plan. The Death Benefit Plan is

an "Employee Welfare Benefit Plans" as defined in Section 3(1) of ERISA, 29 U.S.C. § 1002(1). Accordingly, all state law claims against Defendant for benefits under the Death Benefit Plan and for interpretation of the Death Benefit Plan are preempted by § 514(a) of ERISA, 29 U.S.C. § 1144(a). See Pilot Life Ins. Co. v. Deadeaux, 41 U.S. 41, 48 (1987).

4. Removal to the Southern District of New York is proper because this district embraces The Supreme Court of the State of New York, County of New York where the action is pending.

5. This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is filed with this Court within 30 days of the date when Defendant first received service in this action. This action became removable no earlier than August 31, 2005, the date on which Defendant first was served with papers and received notice of the existence of this action.

6. All state court papers provided to Defendant as of the time of removal are attached hereto as Exhibit 1.

Respectfully submitted,

Dated: September 15, 2005

By: _____
Terri L. Ross (TR 9091)
MCDERMOTT WILL & EMERY LLP
50 Rockefeller Plaza
New York, New York 10020-1604
(212) 547-5400

Attorneys for National Spinning Co., Inc.

Of Counsel:
    Jared Kaplan
    McDermott, Will & Emery
    227 West Monroe Street, Suite 4700
    Chicago, Illinois 60606-5096
    (312) 372-2000

NYK 984435-1.039646.0015